**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:23-cr-122** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **CARLOS JUSTO-LANDA,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter comes before the Court on *pro se* Defendant Carlos Justo-Landa's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 60). The Government opposes Defendant's motion. (ECF No. 61). For the reasons set forth herein, Defendant's motion is **DENIED**.

## I. BACKGROUND

On August 18, 2023, Carlos Justo-Landa pled guilty to one count of possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi) and (viii); and one count of reentry of a removed alien subsequent to the commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (ECF No. 41, 45). On January 10, 2024, the Court sentenced him to 108 months of incarceration on each count of the conviction to be served concurrently followed by five (5) years of supervised release. (ECF No. 55).

On April 22, 2026, Defendant filed the instant Motion seeking a reduction to his sentence. (ECF No. 60). He argues, under 18 U.S.C. § 3582(c)(1)(A)(i), that "extraordinary and compelling reasons" justify a reduction in his sentence from 108 months to seventy-two (72) months. (ECF No. 60 at 1, 6). He relies on "the disparity of similar situated defendants, his immigration status … and the egregious lockdown from which he has been a victim once he was housed at [The

Federal Correctional Institution, Thomson].” (*Id.* at 5) (emphasis in original). In his Motion, Defendant omits proof of exhaustion of the requisite administrative remedies. (*See* ECF No. 60). The Government opposed this request for relief, (ECF No. 61), and Defendant did not file a reply in support of his Motion. This Motion is now ripe for review.

## II. LAW & ANALYSIS

Justo-Landa has not established the administrative exhaustion required under 18 U.S.C. § 3582(c)(1)(A). Therefore, Justo-Landa’s Motion fails.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may “reduce the term of imprisonment” of a defendant for “extraordinary and compelling reasons,” but only “after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant’s behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant’s facility.” 18 U.S.C. § 3582(c)(1)(A); *see United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020) (“[A]n imprisoned person may file a motion for compassionate release after (1) exhausting the [Bureau of Prison’s] administrative process; or (2) thirty days after the warden received the compassionate release request – whichever is earlier.”). Mandatory claim-processing rules, such as the exhaustion requirement here, must be enforced when properly invoked. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020). This Court “may not” grant relief based on extraordinary and compelling reasons when the defendant has failed to comply with the exhaustion requirement. *Id.*;18 U.S.C. § 3582(c).

Here, Justo-Landa exclusively outlines his “extraordinary and compelling” reasons for compassionate release without addressing, let alone establishing, the exhaustion of the Bureau of Prison’s administrative process. (ECF No. 60). It is not evident in Defendant’s Motion that he even requested a sentence reduction from the Warden of FCI Thomson. This omission is a “glaring

roadblock foreclosing compassionate release." *Alam*, 960 F.3d at 835 (*quoting United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Government properly invokes the exhaustion requirement in their response to Defendant's motion. (ECF No. 61 at 3) ("Defendant does not even allege … that he exhausted his administrative remedies prior to filing the instant Motion."). Therefore, this Court cannot modify the terms of Justo-Landa's imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

## III. CONCLUSION

Since Justo-Landa failed to prove exhaustion of his administrative remedies under 18 U.S.C. § 3582(c)(1)(A)(i), this Court cannot modify the terms of his imprisonment. His Motion for Reduction of Sentence, (ECF No. 60), is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: October 20, 2026**